ROLLIN A. RICHMOND *vs.* JAMES W. FISK.

Hampden.    September 27, 1893. — October 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Trespass — Assault and Battery — Action — Damages.*

One who enters the outer door and hall of a house, by permission of the occupant, to deliver milk, does not become a trespasser by entering the latter's sleeping-room, against his previous commands, for the purpose of presenting a bill to him.

An action for an assault and battery may be maintained against a person who, having entered the outer door and hall of a house by permission of the occupant, to deliver milk, enters his sleeping-room, against his previous commands, and takes hold of his arm and shoulders, using sufficient force to awaken him, for the purpose of presenting a bill to him; and the damages to be assessed are not necessarily nominal.

TORT, in two counts. The first count was for an assault and battery; and the second count was for forcibly entering the plaintiff's close in Springfield. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff was in the rightful possession of a tenement on the second floor of a house in Springfield. His tenement was reached by a flight of stairs, at the head of which was a door opening into a hall, at one end of which a door opened into the kitchen, and at the other end a door opened into the plaintiff's sleeping-room. The hallway was part of the plaintiff's premises, and the outer entrance was about midway of its length.

The defendant was a milkman in the employ of the Springfield Milk Association, and he delivered milk to the plaintiff at an early hour every morning. The hall and kitchen doors were left unlocked, so that the defendant could enter and leave the milk in

the kitchen. For some time prior to the act complained of, the defendant had, with the plaintiff's permission, occasionally entered the plaintiff's sleeping-room through the door from the hall for the purpose of collecting the milk bills. Prior to the alleged trespass, the plaintiff had forbidden the defendant entering the sleeping-room any more. On the morning in question, after a night of suffering from sick headache, the plaintiff had fallen asleep, when the defendant, entering the sleeping-room from the hall, after having left milk in the kitchen as usual, and finding the plaintiff asleep, took hold of his arm and shoulders and used sufficient force to awaken him for the purpose of presenting a milk bill.

If, upon these facts, the defendant was guilty of a trespass, as alleged, the plaintiff was to be awarded such sum for damages as to the court should seem just; otherwise, judgment was to be entered for the defendant.

*A. M. Copeland*, for the plaintiff.

*E. P. Kendrick*, for the defendant.

FIELD, C. J. The declaration contains two counts: one for an assault and battery upon the plaintiff, and the other for forcibly entering the plaintiff's close. The agreed facts show that the defendant entered the plaintiff's close by his permission. The fact that, after the defendant entered by permission through the outer door into the hall, he went, against the commands of the plaintiff, into the plaintiff's sleeping-room, does not constitute a trespass upon the close. *Smith* v. *Pierce*, 110 Mass. 35.

But the facts show a trespass upon the person of the plaintiff. *Commonwealth* v. *Clark*, 2 Met. 23. On the facts agreed, it must be taken that the defendant, against the express commands of the plaintiff, entered the plaintiff's sleeping-room and "took hold of his arm and shoulders and used sufficient force to awaken the plaintiff for the purpose of presenting a milk bill." If there were any circumstances which would justify this, they do not appear in the agreed statement of facts. Although this trespass is slight, the damages are not necessarily nominal, and they should be left to be assessed by the Superior Court. The judgment should be reversed, and, in accordance with the agreed statement, the plaintiff's damages should be assessed under the first count.

*So ordered.*