ALFRED A. GOSSELIN *vs.* MAX SILVER.

RAYMOND GOSSELIN *vs.* SAME.

Hampden.    October 25, 1938. — November 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Damages,* For tort. *Proximate Cause. Assault and Battery.*

The mere fact that the plaintiff, in an action of assault and battery against the proprietor of a store, resisted when the defendant ejected him, did not require the granting of a ruling that, if he was entitled to recover, he could recover nominal damages only, where there was evidence that force used by the defendant, even in the light of the resistance, was excessive and was the sole proximate cause of substantial injuries sustained by the plaintiff.

TWO ACTIONS OF TORT. Writs in the District Court of Springfield dated July 8, 1936.

The actions were heard together by *Spooner,* J., who found for the plaintiffs in the sums of $228 and $1,000 respectively. A report to the Appellate Division for the Western District was ordered dismissed. The defendant appealed.

The cases were submitted on briefs.

*H. M. Ehrlich & J. L. Dowd,* for the defendant.

*J. F. Jennings,* for the plaintiffs.

FIELD, C.J.    These are two actions of tort brought in a district court. One was brought by a minor by his next friend to recover compensation for bodily injuries sustained by this plaintiff from an assault and battery upon him by the defendant in forcibly ejecting him from the defendant's store. The other action was brought by the father of the minor plaintiff to recover consequential damages. The trial judge made specific findings of fact and found for the plaintiff in each case. In each case the defendant requested the trial judge to "find as a fact and rule" that the "injury to the plaintiff minor was caused by the concurrent causes of the force used by the defendant and the resistance to ejection from the premises used by the plaintiff minor, and

the plaintiff minor, if entitled to recover, is entitled to recover nominal damages only." The requests were denied. The cases were consolidated for the purpose of a report to the Appellate Division. The only questions reported arise from the refusal of the judge to grant these requests. The report sets forth not only the specific findings of fact, but also all the evidence material to the questions reported. The Appellate Division ordered the report dismissed and the defendant appealed to this court.

No error of law is shown.

The requests were primarily requests for findings of fact, and the trial judge, though requested to do so, was under no obligation to make specific findings of fact.  *Castano* v. *Leone*, 278 Mass. 429.  No question of law is presented by the report of the refusal of this request, unless possibly it be the question whether "the plaintiff minor, if entitled to recover, is entitled to recover nominal damages only." There was evidence that the defendant told the minor plaintiff, a boy then eleven years old, to leave the store, and ejected him therefrom by pushing and kicking him. A finding was warranted that the defendant in so doing used unreasonable force — force in excess of that necessary to overcome this plaintiff's resistance — and thus committed an assault and battery upon the person of this plaintiff.  *Ryan* v. *Marren*, 216 Mass. 556, 559.  Damages for such an assault and battery, even without evidence of specific bodily injuries to the minor plaintiff, were not necessarily merely nominal, and a ruling of law to that effect could not rightly have been made.  *Richmond* v. *Fisk*, 160 Mass. 34, 35.  Moreover, there was evidence of specific and substantial bodily injuries sustained by the minor plaintiff.  And there was medical testimony in substance that these injuries were caused by "the resistance of the plaintiff minor and the blow inflicted by the defendant." It could have been found, therefore, that the excessive force used by the defendant was a substantial factor in causing these bodily injuries. The defendant by reason of this plaintiff's resistance may have been entitled to use greater force to eject him from the store than otherwise would have been justified.  But

it could not have been ruled as matter of law that such resistance precluded recovery by this plaintiff of substantial damages for the injuries sustained by him. His resistance could have been found to have been a condition which made it possible that such bodily injuries would result from the use by the defendant of force not reasonably necessary to overcome such resistance, and not to have been a contributing cause of such injuries. See *McKenna v. Andreassi*, 292 Mass. 213, 218. Compare Am. Law Inst. Restatement: Torts, § 82.

*Order dismissing report affirmed.*