WILLIS v. McCARTY-HOLMAN Co. et al.

(Division A. Jan. 29, 1940.)

[193 So. 337. No. 34008.]

James B. Sykes and Frank T. Williams, of Mendenhall, and Lotterhos & Travis, of Jackson, for appellant.

Flowers, Brown & Hester, **F. W. Bradshaw**, and **Robert Burns, Jr.**, all of Jackson, for appellee.

384

Griffith, J., delivered the opinion to the court.

Appellee company, a partnership, operates a chain of grocery stores known as Jitney Jungle Stores. One of these, a large establishment, is located at 419 East Capital Street in Jackson. In this store, and in the others of the chain, the customers serve themselves. They gain entrance to the enclosure within which the goods are kept by way of an entrance turnstile, and the customer makes his own selection from the goods on open display and within easy reach. When the customer has selected the goods desired, he takes the articles to an exit, at which point a cashier is stationed. Here the goods are checked and are wrapped or put in bags and are then paid for, whereupon the customer passes to the outside with the goods in his possession.

This record does not show whether there is an employe stationed at the entrance turnstile to see that no freshly purchased goods—and which might have been purchased at some other store—are carried into the enclosure by a customer, nor does it appear that there was a conspicuous sign so displayed as to warn customers not to take into the entrance, goods purchased elsewhere. Nor is there anything in the record to show that at the cashier's exit, when paying for goods selected, any receipt in any form is given the customer or that any identification mark or indication of any kind, showing the purchase and

payment, is placed upon any article there checked and paid for; and in the absence of such a showing we must assume that none of the things mentioned in this paragraph were provided for or were done.

Under such a self-service system, the cashier must necessarily check and require pay for each article which a customer brings to his exit station, if the article appears to be one kept within the merchandise enclosure in that store; and every customer who avails himself of the facilities of such a store must know or ought to know of this necessity. And a customer who takes into the entrance turnstile, freshly purchased goods of the same kind kept in that store, although purchased elsewhere, or purchased at the same store at a previous hour, knows, or ought to know, that he will be confronted at the cashiers' exit with the requirement to pay for the said freshly purchased goods, or that at least an embarrassing inquiry is likely, if not bound, to result. And although the questioned article may have been purchased and paid for at an earlier hour at the same store, cashiers have their human limitations and cannot be expected always to definitely remember such articles or such previous purchases in a large store, with its numerous and flowing transactions.

What happened here was that appellant purchased in this store a pound package of Nuco, a butter substitute, which she requested at the cashier's station should be placed in a paper bag, which was done; and the article was paid for. Appellant then went to another store where she purchased a bottle of what is called hand lotion, which she placed in the same bag. Later she returned to appellees' store and took the paper bag with the two articles mentioned along with her through the entrance turnstile, and selected a package of dates and thereupon went to the cashier's exit and paid for it and requested that this package be dropped also into the paper bag.

The cashier observed the other two articles already in

the bag, but said nothing to appellant about them at the time; but immediately after appellant's departure the cashier inquired of the other cashier whether appellant had paid for a pound of Nuco and a bottle of lotion. The response of the other cashier is not shown, but when appellant had gone about a block from the store, the cashier, first mentioned, overtook her and in the presence of her companions said to appellant: ''Lady, you did not pay for that Nuco you got,'' and when appellant replied that she had paid for it when she got it, the cashier persisted in his repetition of the declaration: ''You did not pay for it''—all this in what those present regarded as an indignant or angry tone of voice. The cashier had had no previous acquaintance with appellant or any knowledge whatever as to who she was.

An action in tort was instituted against appellee company and against the cashier. On the trial a peremptory instruction was granted by the circuit judge for all the defendants, which we think was correct. An examination of the statement of the facts will disclose that the case falls within the principles illustrated by Scott-Burr Stores Corp. v. Edgar, 181 Miss. 486, 177 So. 766; and a case perhaps more closely in point is Kroger Grocery & Baking Co. v. Yount, 8 Cir., 66 F. (2d) 700, 92 A. L. R. 1166. Criticism may justly rest against the cashier for his uncivil and impolite attitude towards appellant, but faults no more than this, and no greater than shown in this record, are to be met by the rectifying processes of competition on the part of other traders, not by actions at law.

Affirmed.