MORGAN *et al. v.* LOYACOMO.

(In Banc. April 14, 1941. Suggestion of Error Overruled, May 12, 1941.)

[1 So. (2d) 510. No. 34520.]

Cowles Horton, of Grenada, and **Winchester & Bearman**, of Memphis, Tenn., for appellants.

Stone & Stone, of Coffeeville, for appellee.

W. B. Nichols and S. C. Mims, of Grenada, for appellee.

Argued orally by **Cowles Horton**, for appellant, and by **S. C. Mims, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellants are the owners and operators of forty-eight retail stores, one of which is in Grenada. Appellee purchased in this store on the day in question an article of ladies' underwear and having paid for it departed from the store. One White was the manager of the store and witnessed the purchase. A trivial circumstance connected with the purchase caused White to suspect, but without any substantial grounds therefor, that appellee had taken away two garments but had paid for only one. Without making any inquiry either of the clerk or of appellee before appellee left the store, which if done would have readily revealed that the manager's suspicions were without any ground, White permitted appellee to leave the store, but followed her; and when about a block away and in the presence of several persons, he called to appellee, stated that he was obliged to investigate whether she had taken two articles while paying for only one, forcibly seized the package from under her arm, opened it, examined and exhibited the contents in the presence of the third persons, and found that he was in error, which, as already mentioned, he could easily have ascertained by a proper inquiry conducted in a proper manner before appellee left the store.

It is the first contention that there was no assault and battery, and that the words of White, with his attendant conduct, did not amount to a slander. Appellants are mistaken that White's actions did not constitute an assault and battery. The authorities are agreed that, to constitute an assault and battery, it is not necessary to touch the plaintiff's body or even his clothing; knocking or snatching anything from plaintiff's hand or touching anything connected with his person, when done in a rude or insolent manner, is sufficient. 5 C. J., pp. 619, 620; 6 C. J. S., Assault and Battery, Sec. 9, pp. 801, 802, and cases cited in the notes. See, also, 2 Bishop, New Criminal Law, Section 72.

Appellants next contend that White's actions were not within the rules which would hold appellants to account therefor. The reply to this is by a quotation which we take from Scott-Burr Stores v. Edgar, Miss., 165 So. 623: "The alleged acts done by the manager were so closely embraced or connected in scope, in point of time, and in the area thereof, with his evident managerial duties, that the said acts may be justly said to have been a part of the res gestae, using that language for want of a better term to briefly express it."

Appellants complain that the amount of the damages allowed is excessive. Pilfering in one form or another from large retail stores presents a serious problem for the management of such establishments. This is a matter of current knowledge and our attention has been drawn to it in several cases that have been in this Court. Our attitude towards management in this matter has, therefore, been lenient rather than harsh, as evidenced by what was done by us in Willis v. McCarty-Holman Co., 187 Miss. 381, 193 So. 337. But our courts must not tolerate conduct such as shown in this case; and upon the whole record we are not able to say with confidence that the amount of the damages allowed is excessive.

Affirmed.