Pettingell, P. J.
Action of tort for assault and unlawful detention in the defendant’s place of business. The defendant’s answer is a general denial and an answer of justification.
The defendant is a corporation engaged in the grocery, fruit and vegetable business, operating a chain of stores, one of which is in Lynn, Massachusetts. The operation of the store is more particularly described in the facts found by the trial judge.
The trial judge made the following findings of fact:
“This is an action of tort wherein the plaintiff alleged that she was assaulted and unlawfully ‘detained’ while in the defendant’s place of business. The defendant’s answer consists of a general denial and a plea of justification.
*226 “The defendant is a corporation engaged in the grocery, provision, and fruit and vegetable business. It operates a chain of stores, several of which stores are located in the City of Lynn. The store in question is a ‘self-service’ store, so called, meaning that the customers select the goods from open counters or stands and pay for them at the cashier’s stands, which are located in front of the store near the doors.
“On July 21, 1945, on a Saturday, between 12 and 12:30 o’clock in the afternoon, the plaintiff, a customer in the defendant’s store, selected a ‘bunch of carrots’ and other vegetables. She was proceeding to the ‘cashier’s aisle’ with the merchandise and while standing in line with other customers, with intention of paying for the goods which she had with her, she was ‘grabbed’ by the shoulder and led back to the fruit and vegetable counter by the defendant’s employee, who was then in charge of the said counter.
“A dispute arose between the plaintiff and the said employee as to the number of ‘bunches of carrots’ she had with her. It appeared at the trial that the defendant’s employee claimed that the plaintiff had with her two ‘bunches of carrots’ and was trying ‘to get away’ with paying for only one ‘bunch of carrots.’ There was an exchange of angry, loud words, which attracted the attention of other persons then in the store. The accusation caused the plaintiff a feeling of shame and humiliation, and distress of mind; all of which made her ill.”
Regarding her humiliation and illness the plaintiff testified as follows:
‘ ‘ The plaintiff further testified that there were about thirty to forty people in the store at the time that the defendant’s employee shouted at her; that there were three girls and three clerks whom she didn’t know by name; that they were all looking at her.
“Plaintiff testified that she was humiliated and felt ashamed, and became distressed of mind and could not talk, all of which made her very ill. She bought nothing and left the store without talking to either the meat *227 manager or the grocery manager, and went home, and for the next few days she was sick. She took some capsules. She did not sleep well for the next two or three nights and was very nervous.”
The defendant duly requested eight rulings, which, with their disposition are- as follows;
“1. The burden is upon the plaintiff to establish by a fair preponderance of the evidence that an agent or servant of the defendant, who was then acting within the scope of his employment, was guilty of the acts alleged in the plaintiff’s declaration. Given* 2. The burden of proof is sustained only if the party having the burden proves the facts necessary to her case by a fair preponderance of the credible evidence, and evidence which is open to serious doubt may not be credible. Callahan v. The Fleishmann Company, 262 Mass. 437. Sargent v. Massachusetts Accident Company, 307 Mass. 246, 250. Given. 3. If the plaintiff by actions or words indicated her intention to take two bunches of carrots and to pay for only one bunch of carrots, the defendant had a right to exercise reasonable force to regain possession of the merchandise. Not given because inapplicable to the facts as found. 4. An act done or committed by an employee for his own personal reasons, and not for the purpose of promoting his employer’s business, is not within the scope of his employment. Given. 5. The plaintiff (the defendant) had a right to detain the plaintiff in a reasonable way and for a reasonable period of time in order to straighten out the question as to whether the plaintiff intended to pay in full for the carrots which she received from the vegetable counter. Not given because inapplicable to the facts as found. 6. The plaintiff in this action is not entitled to recover more than nominal damages. Not given. 7. There is no evidence upon which to warrant a finding for the plaintiff. Not given. 8. There is no evidence upon which to warrant a finding that the defendant committed an unjustifiable assault upon the plaintiff. Not given.”
*228 The trial judge found for the plaintiff in the sum of five hundred dollars.
Within five days after notice of the finding in the case, the defendant filed a motion for a new trial, as follows:
“Now comes the defendant in the above entitled action and moves that the finding for the plaintiff be set aside and a new trial granted for the following reasons :
1. The finding is against the evidence. 2. The finding is against the weight of the evidence. 3. The finding is against the law and the evidence. 4. The damages assessed by the court are excessive.”
A hearing was held on this motion at which the defendant filed twenty-two requests for rulings, which, with their disposition, are as follows:
“1. The Theory of law upon which this action was commenced, as appears from the summons served upon the defendant, and as appears from the plaintiff’s declaration, and the theory of law upon which the plaintiff’s attorney submitted the case to the court in his oral argument, was that of assault and battery, and that theory of the trial is binding upon the plaintiff. Not given because no objection to form, of action at the trial, expressly stating that it waived inaccuracies in plaintiff’s declaration as to location of store* 2. As a matter of law the plaintiff is bound by the statement of her contentions as made by her attorney in his oral argument to the court at the conclusion of the evidence. Not given because inapplicable to the facts as found. 3. The court has the power to grant a new trial to the defendant. Given. 4.. As a matter of law the court has the power to pass upon the requests for rulings of law herein contained. Gwen. 5. As a matter of law the assessment of damages by the court in the sum of $500, is so disproportionate to the damages proved by *229 the plaintiff as to require the allowance of the defendant’s motion for a new trial. Not given. 6. As a matter of law the assessment of damages in the sum of $500 is so disproportionate to the damages proved by the plaintiff as to require the granting of a new trial in the exercise of a discretion which is not wilful or arbitrary. Not given. 7. As a matter of law the assessment of damages in the sum of $500 was due to a misapprehension by the court as to the theory of law upon which the plaintiff proceeded at the trial. Not given. 8. As a matter of law the plaintiff was not entitled to exemplary or punitive damages. Given. 9. As a matter of law there was no allegation or proof of special damages in this case. Given. 10. As a matter of law the plaintiff was not entitled to damages for alleged slander. Not given. 11. As a matter of law the plaintiff was not entitled to damages because she was caused a feeling of shame and humiliation by virtue of alleged assault, and also damages because she was caused a feeling of shame and humiliation as the result of the alleged detention, and also because she was caused a feeling of alleged shame and humiliation because of alleged slander. Not given because not applicable to the facts as found. 12. As a matter of law the plaintiff was not entitled to have money damages assessed against the defendant for assault and battery, and also for alleged detention, and also for alleged slander. Not given. 13. As a matter of law the plaintiff was not entitled to recover damages for alleged detention. Not given. 14. As a matter of law the plaintiff was not entitled to recover damages for alleged slander. Not given. 15. As a matter of law the finding for the plaintiff is against the weight of the evidence. Not given. 16. As a matter of law the finding for the plaintiff is against the law and the évidence. Not given. 17. As a matter of law the finding for the plaintiff for alleged slander is inconsistent with the theory upon which the plaintiff commenced, .prosecuted and argued her case. Not given. 18. If damages have been separately assessed for what the defendant’s employee is alleged to have said to the plaintiff, the defendant is entitled to a new trial. Not given. 19. As a matter *230 of law there was no evidence upon which to warrant a finding that the plaintiff sustained any physical injury. Not given because mental suffering causes physical discomfort or injury. 20.. If the plaintiff sustained no physical injury, she was not entitled to recover for any feeling of shame, humiliation, or distress of mind because of an alleged assault. Not given. 21. The theory of law upon which the plaintiff’s attorney submitted the case to the court in his oral argument was that of assault, and that theory of the trial is binding upon the plaintiff. • Not given, because defendant waived objections to admission of evidence bearing on slander. 22. The court in acting upon the defendant’s motion for a new trial considered the case upon the merits of the defendant’s motion and of its requests for rulings of law. Given.”
The defendant’s motion for a new trial was denied.
The report contains “everything material to the questions reported herein.”
The defendant claims to be aggrieved by the denial of the motion for a new trial; by the denial of the requests, 3, 5, 6, 7 and 8 at the original trial; by the denial of requests 1, 2, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, ,17, 18, 19, 20, and 21 relating to the motion for a new trial; and by .the finding for the plaintiff.
Taking the last claim of error first, the defendant cannot claim error because of the finding for the plaintiff. This Division has jurisdiction over rulings of law only. A finding of fact, (whether a particular finding- of fact, J. G. Pierce Co. v. Wallace, 251 Mass. 353, at 384; Schon v. Odd Fellows Bldg. Association, 253 Mass. 465, at 467; Ross v. Colonial Provisions Co., 299 Mass. 39, at 41; or a general finding for a party, Stowell v. H. P. Hood & Sons, Inc. 288 Mass. 555, at 557; James B. Rendle Co. v. Conley & Daggett, 313 Mass. 712); cannot be reviewed by this Court.
*231 Considering then the requests denied at the trial in the district court:
The third and fifth requests. raise the issue of the defendant’s right to detain the plaintiff as. a customer. The third request was properly denied as it was based upon the assumption that the plaintiff had an intention to take two bunches of carrots but to pay for one, a fact which the trial.judge did not find and was not obliged by law to infer from the evidence. Bradley v. Meltzer, 245 Mass. 41, at 43. Shay v. Gagne, 275 Mass. 386 at 390. Simpson v. Eastern Massachusetts Street Railway Co., 292 Mass. 562, at 565, 566. The trial judge found further that the plaintiff selected a “bunch of carrots” so that the request is contrary to a specific finding of fact made by the trial judge and was properly denied on that ground. Mahoney v. Norcross, 284 Mass. 153.
It was error, however, to deny the defendant’s fifth request, that the defendant’s manager had a right to detain the plaintiff for a reasonable time and in a reasonable manner. Standish v. Narragansett Steamship Company, 111 Mass. 512, at 517. Jacques v. Childs Dining Hall Co., 244 Mass. 438, at 439.
The trial judge disposed of both requests, the third and fifth, “as inapplicable to the facts as found”. An examination of the facts found dealing with this situation, shows that the trial judge found that the plaintiff selected a bunch of carrots, a finding' which negatives the contention of the defendant’s employee that the plaintiff took .two bunches intending to pay for only one. No further finding was made but the finding that she took one bunch only, by elimination destroys the defendant’s- contention that she-took two intending to pay for only one. In the mind of the trial judge the fact thus found establishes the innocence of the plaintiff and renders the fifth request inapplicable.
*232 The fifth request, 'however, raises a broader issue than the innocence or guilt of the plaintiff. It has to do with the defendant’s rights in the emergency created by the ■charge made against the plaintiff. The first case raising the .point in Massachusetts is Standish v. Narragansett Steamship Co., 111 Mass. 512, in which a passenger leaving the steamship at the conclusion of the voyage was unable to deliver his ticket on leaving the boat. At the trial the trial judge instructed the jury that the defendants under the circumstances “had a right forcibly to detain the plaintiff to investigate on the spot the circumstances of his case”; but that if the defendants detained the plaintiff for the purpose of investigating his case for an unreasonable time or in an unreasonable way, the plaintiff could recover. The plaintiff took an exception to this instruction contending that the defendant had no right forcibly to detain the plaintiff “at all” to investigate on the spot the circumstances of his case. In overruling his exceptions the Supreme Judicial Court in reaffirming the lower court’s ruling said that the plaintiff could recover if he was detained “for the purpose of investigating his case for an unreasonable time, or in an unreasonable way”.
That case recognizes the right of the defendant to take time to investigate the charges made against such a plaintiff. If it conducts such an investigation, the test of its liability for such a detention is not the innocence or guilt of the plaintiff, but the reasonableness as to length of time and manner of the detention. An innocent person, falsely accused, may be subjected to detention if the detention is reasonable in the respects indicated.
In Jacques v. Childs Dining Hall Co., 244 Mass. 438, the issue was raised again. At page 441, the Supreme Judicial Court said:
“It therefore was a question of fact whether the plaintiff’s detention, caused solely by the inattention *233 and carelessness of the cashier was under all the circumstances unreasonable or for an unreasonable time.”
The fact that the investigation proved .that the plaintiff was innocent of the charge made against her, was evidence that the charge was- unfounded but does not have any bearing upon the defendant’s right to make an investiga^ tian “on the spot”. In Standish v. Narragansett Steamship Co., supra, the plaintiff’s contention that the defendant had no right to detain “at all” was negatived. In Jacques v. Childs Dining Hall Co., supra, the right of the defendant to detain to conduct an investigation reasonable to time and manner was reiterated. The -finding of fa-cts made in this lease, deals only with the innocence of the plaintiff; it does not touch upon the defendant’s right to detain any customer, innocent or guilty, against whom such a charge has been made. It was prejudicial error in our opinion not to give it. If the trial judge felt that there was no -right at all to detain an innocent customer, his error may have been reflected in the damages.
The sixth, seventh and eighth requests at the original trial raise the issue of the sufficiency of the evidence to warrant a finding for the plaintiff, as well as the amount of the damages recoverable. There was, however, evidence that the defendant’s employee “grabbed” the plaintiff, the judge so finding, and “led her back”, a description of physical compulsion. Under the law stated in Jacques v. Childs Dining Hall Co., supra, at 438, 441, this was enough to warrant a finding of an ass-ault and battery. Richmond v. Fisk, 160 Mass. 34 at 35. Morgan v. Loyacomo, 1 Southern Reporter 2d. 510, (190 Miss. 656). Under Richmond v. Fisk, supra, it was for the trial judge to assess .the damages, and we think that more than nominal damages were warranted. See Pilos v. First National Stores, Inc., Mass. *234 Adv. Sh. (1946) 537, in which the plaintiff was “dragged” into and to the hack of the store and the Supreme Judicial Court held that it was a matter of substantial damages. On these authorities there was evidence here which warranted a finding for the plaintiff in more than nominal damages and justified the denial of the- sixth, seventh and eighth requests. In any event we are not prepared to rule that the damages found by the trial judge constituted an abuse of discretion amounting to an error of law. Bartley v. Phillips, 317 Mass. 35, at 43, 44.
We now consider the defendant’s motion for a new trial.
First we consider the fundamental- contention of the defendant, represented by the 1st, 2d, 12th, 17th, and 21st requests for rulings, which were denied, and are:
“1. The Theory of law upon which this action was commenced, as appears- from the summons served upon the defendant, and as appears from the plaintiff’s declaration, and the theory of law upon which the plaintiff’s attorney submitted the- case to the court in his- oral argument, was that of assault and battery, and that theory of the trial is binding upon the plaintiff. 2. As a matter of law the plaintiff is- bound by the statement of her contentions as made by her attorney in his -oral argument to the court at the conclusion of the- evidence. 12. As a matter of law the plaintiff was not entitled to have money damages assessed against the defendant for assault and battery, and also for alleged detention, and also for alleged islander. 17. As a matter of law the finding for the plaintiff fa,r alleged slander is inconsistent with the theory upon which the plaintiff commenced, prosecuted and argued her case. 21. The theory of law upon which the plaintiff’s attorney submitted the case to the court in his ■oral argument was that of assault, and that theory of the trial is binding upon the plaintiff.”
In raising these contentions the defendant overlooks one vital element before the court at the close- of the trial, the *235 evidence which had been heard. The pleadings are for the purpose of guiding and controlling the evidence, but in experience the evidence anticipated is not always that which appears and the complexion of the case frequently changes as the witnesses testify. It is not an unknown thing for a plaintiff at the close of the evidence to ask for permission to amend his declaration to make it comply with the evidence actually before the court.
“A party to an action has no vested right to have a case decided upon a form of procedure which may have been inadvisably or mistakenly chosen. The evidence may show 'a substantial variance between the allegations' of the declaration and the proof, and at the same time disclose a legal fight which the court in its discretion may make available and valuable by the allowance of an amendment tin matter of form or substance’ ”. Pizer v. Hunt, 250 Mass. 498, at 504, 505.
As the evidence went in the defendant had the right to object to the admissions of anything not within the scope of the pleadings. It does not appear that the defendant here made any objections to the admission of evidence. The plaintiff was within her rights then to insist upon the consideration by the trial judge of whatever evidence the court had heard. The failure of the defendant to object to the admission of evidence outside the scope of the pleadings was a waiver of its right to object to the consideration of such evidence by the trial judge.
“Allegations are made that the parties may have notice; but if both parties' were content to act upon what they had, why should either be allowed to complain 'afterwards?” Oliver v. Colonial Gold Company, 11 Allen 283, at 285.
The binding effect of evidence introduced, which is outside the pleadings is illustrated by Blume v. Oil-O-Chron, *236 Inc., 287 Mass. 52. In that ease, heard before a master evidence was admitted by the master with the consent of - the parties, who were to amend the pleadings but didn’t, regarding a counter claim, not mentioned in the defendant’s answer and involving a party not of record, who, however participated in the hearings'. Before the master’s report was filed, however, a decree was entered by consent of the plaintiff and one of the defendants, dismissing the bill as to that defendant.
The defendant who had advanced the counter claim filed a motion to vacate the decree and a motion to amend its answer by setting up the counter claim against the plaintiff and the other defendant. The court ordered that .the latter be formally summoned. He appeared, contending that he was not affected by the earlier hearings, in which he had participated. The court refused to vacate the decree but held that the defendant was bound by the hearings which had been held and that “although in fact, though not of record, he was an existing and continuing party to the counter claim” (page 55), and found him liable thereon.
In a .similar manner the defendant in the ease before us, having participated in a hearing at which evidence not within the .scope of the pleadings was admitted, and not having saved its rights by objection to its admission, and made a claim of report, was bound by what went in regardless of what had been pleaded and what had been said by counsel. The defendant in this case is- bound by what evidence was actually heard, reg’ardless of the state of the pleadings.
The foregoing disposes of the 1st, 2nd, 12th, 17th and 21st requests for rulings filed at hearing on the motion for a new trial.
It is .apparent that the defendant’s contention amounts to a claim that there was at the trial a variance between the *237 pleadings and an oral statement by the plaintiff’s attorney of the plaintiff’s ease on the one hand and the evidence actually presented on the other, and that this Division is bound to right the wrong by finding error in the refusal to grant a new trial.
The requests under consideration, and the others as well, .filed at the hearing on the motion for the new trial, alHj represent matters which had happened before the trial of the action began. They were- known to the defendant’s attorney before the evidence was concluded. Bequests for rulings were as possible on this subject at the trial as later, but of the rulings actually requested no one of them filed at the trial raised the question of a variance. Two basic principles of law prevent that question from being successfully raised now. At a hearing on a motion for a new trial, no issue of law, which was raised, or could have been raised at the trial of the case, can be raised for the first time. Lonergan v. American Railway Express Co., 250 Mass. 30, at 38, 39. Vengrow v. Grimes, 274 Mass. 278, at 280. Skudris v. Williams, 287 Mass. 568, at 570.
The .second principle involved is similar; no question of a variance can be raised in an appellate tribunal which was not raised at the trial in the lower court. Edwards v. Carr, 13 Gray 234. Hicks v. New York, New Haven & Hartford Railroad, 164 Mass. 424, at 429. Oulighan v. Butler, 189 Mass. 287, at 289: Ridenour v. H. C. Dexter Chair Co., 209 Mass. 70, at 78. Vouras v. Pierce, 226 Mass. 175, at 178. Gifford v. Eastman, 251 Mass. 520, at 524. Hirrell v. Lacey, 274 Mass. 431, at 436, 437.
. What has already been said about assessment of damages disposes of the fifth, sixth, seventh and tenth requests filed at the hearing of the motion for a new trial.
The defendant was not entitled to the tenth request which could have been raised at the trial, nor to the eleventh, *238 humiliation being a proper element of damage following an assault. Burns v. Jones, 211 Mass. 475, at 476. Ross v. Michael, 246 Mass. 126, at 129.
There was evidence before the court which would justify findings of damages for shame and humiliation, the defendant having raised no question of a variance at the trial in the district court. This is true of the thirteenth, fourteenth, seventeenth, eighteenth, nineteenth, and twentieth. The rule of Spade v. Lynn & Boston St. Ry., 168 Mass. 285, at 290 as to fear as an element of damage, does not apply to damages from an assault, where there is a battery, Homans v. Boston Elevated Railway, 180 Mass. 456, at 458; Kisiel v. Holyoke St. Ry., 240 Mass. 29, at 31 and ff. See Ross v. Michael, supra.
The fifteenth and sixteenth requests could have been made at the trial of the case and were not; there was no error in their denial.
Every issue raised by the requests filed with the motion for the new trial could have been raised at the original trial. There was no error in the denial of those not given.
There was, however, prejudicial error in the denial of the defendant’s fifth request. In Jacques v. Childs Dining Hall Co., 244 Mass. 438, at 441 in which the defendant filed a motion to set aside a verdict for the plaintiff, the court said, in denying the motion,
“It therefore was a question of fact whether the plaintiff’s detention, caused solely by the inattention and carelessness of the cashier, was under the circumstances unreasonable or for an unreasonable time. ’ ’
The denial of the fifth request in our opinion was such an error that there should be a new trial.
Finding for the plaintiff to be vacated; case to stand for a new trial.

 The trial court’s ruling and findings on each of the defendant’s requests for rulings are printed in italics following the request.

 The trial court’s ruling and findings on each of the defendant’s requests for rulings are printed in italics following the request.