ALFRED C. WARD *vs.* CLARENCE H. VENNER.

Suffolk.    January 9, 1899. — April 5, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, & LATHROP, JJ.

*Promissory Note — Executor — Trustee — Indorsement.*

An indorsement of a note by an executor, in the form "A, trustee of the estate of B.," will pass his title to the note as executor, although he also is appointed trustee by the will, if he has not yet qualified or turned the note over to the trust.

CONTRACT, upon a promissory note for $25,000, dated at New York, June 27, 1891, payable one year after date to the order of Henry G. Hubbard, and signed by the defendant. Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. F. Choate, Jr. & A. F. Clark,* for the defendant.

*C. K. Cobb,* for the plaintiff.

HOLMES, J. This is an action upon a promissory note, and the only question argued for the defendant is whether the plain-

tiff had a title by indorsement. The note was among the effects of one Henry G. Hubbard, deceased. Hubbard's executors were Margaret S. Hubbard, Melville B. Copeland, and William H. Burrows. Under his will the same persons were trustees of the residue, of which the note formed a part, but they had not qualified. In order to enable a suit to be brought in Massachusetts the note was indorsed with the above three names, followed by the words, " Trustees of the estate of Henry G. Hubbard; by William H. Burrows." It is objected that, until some sufficient overt act was done to change the character in which they held the note, the indorsers held it as executors and not as trustees, that the designation " trustees" showed the capacity in which alone they purported to act, and therefore in which alone they acted, and that in that capacity they could pass no title because they had none.

The argument does not impress us very seriously. There is no doubt that the indorsement will pass a title if one who holds a note as executor indorses it with his name followed by the word " executor," or by no word at all. *King* v. *Thom*, 1 T. R. 487, 489. Dan. Neg. Instr. (4th ed.) § 262. *Forster* v. *Fuller*, 6 Mass. 58, 59. *Fiske* v. *Eldridge*, 12 Gray, 474. See *Durkin* v. *Langley*, 167 Mass. 577. It seems to us no less plain that his indorsement would be equally effectual if he misdescribed himself as trustee. The presumption that he means to do something, and to do what he can do, outweighs the slender inference that by calling himself trustee he indicates an intention to use only powers incident to that office, especially when he does not yet fill the office.

*Exceptions overruled.*