COMMONWEALTH *vs.* RICHARD J. WALLACE *et als.* December 7, 1939. Exceptions overruled. The defendants were convicted in the Superior Court of unarmed robbery after a trial before a judge and a jury. They moved for a new trial on the ground of newly discovered evidence. After a hearing at which evidence was introduced, the motion was denied. There were no requests for rulings. The defendants excepted to the denial of the motion. Such denial was within the discretion of the judge. No abuse of discretion on other error of law is shown. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32–33. *Commonwealth* v. *Devereaux*, 257 Mass. 391, 394–395. *Commonwealth* v. *Cero*, 264 Mass. 264, 272. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 256–257. *Commonwealth* v. *Gwizdoski*, 284 Mass. 578, 581.

*W. Hollingsworth*, for the defendant.

*E. M. Sullivan*, Assistant District Attorney, for the Commonwealth.

PASQUALE DeCRISTAFARO *vs.* BOSTON ELEVATED RAILWAY COMPANY. December 27, 1939. Exceptions overruled. This action of tort was tried in the Superior Court before a judge sitting without a jury. There was a finding for the defendant. The plaintiff has entered a bill of exceptions in this court. It sets out nine "requests [by the plaintiff] for rulings and findings" with the judge's action thereon stated. The plaintiff's argument is limited to the third, fourth, sixth and ninth requests. With respect to the fourth request the bill of exceptions states: "The Court found 'No. The Court did not so find.' " With respect to each of the other three requests the bill of exceptions states: "The Court found 'No.' " The bill of exceptions does not show that any exception was saved by the plaintiff to the disposition made by the judge of these requests or to any other action by him. Consequently no question of law is presented to this court for its consideration. *Condé Nast Press, Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480, 484. Rule 72 of the Superior Court (1932). But even if exceptions had been saved to the disposition of the rulings in question, they would have to be overruled. The third, sixth and ninth requests called for findings of fact, or rulings of law based upon findings of fact, which findings of fact the judge was not required as matter of law to make on the evidence. The fourth request is predicated upon a finding of fact, which the judge states that he did not make and which he was not required as matter of law to make on the evidence.

*B. J. Killion & J. F. Connolly*, for the plaintiff.

*R. L. Mapplebeck*, for the defendant.