SOPHIE MEMISHIAN *vs.* WILLIAM R. PHIPPS.

Suffolk. April 13, 1942. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Findings by judge.

A requested ruling that a finding in favor of the party having the burden of proof was required on all the evidence was properly refused since there was no evidence binding on the other party which required such a finding.

A judge hearing an action at law in a District Court is required to deal with proper requests for rulings of law and to decide the case by making an ultimate finding of fact; but he is not required to make special findings of fact except in circumstances described in the last paragraph of Rule 27 of the District Courts (1940), nor rulings of law not called for by proper requests.

A request at a trial in a District Court for a ruling upon all the evidence with a specification of the grounds upon which it is based in accordance with Rule 27 of the District Courts (1940) may be dealt with as a unit; the trial judge is not required to rule separately on each of the specified grounds.

The last paragraph of Rule 27 of the District Courts (1940) was inapplicable where a request for a ruling that as matter of law a certain finding was required on all the evidence was refused.

The refusal of a request for a ruling that as matter of law a certain finding was required on all the evidence was not inconsistent with the granting of requests stating general principles applicable to the case and requests for rulings that certain findings were warranted on the evidence.

TORT. Writ in the District Court of Chelsea dated July 5, 1940.

The action was heard by *Crowley*, J.

*S. R. Remar*, for the plaintiff.

*L. Haley*, for the defendant.

FIELD, C.J. This action of tort was brought in a District Court to recover compensation for personal injuries sustained by the plaintiff as a result of a collision between the automobile in which she was riding as a passenger and an automobile operated by the defendant. There was a finding for the defendant. No special findings were made. The plaintiff made fifteen requests for rulings, of which thirteen, numbered 3 to 15, were granted, and two, numbered 1 and 2, were refused. A report to the Appellate Division was dismissed and the plaintiff appealed to this court.

The two requests for rulings that were refused raised in somewhat different form the question whether, upon all the evidence, a finding for the plaintiff was *required* as matter of law. The request numbered 2 specified the grounds upon which the request was based. See Rule 27 of the District Courts (1940). Neither of these requests was a request for a ruling that the evidence *warranted* a finding for the plaintiff. See *Howard* v. *Malden Savings Bank*, 300 Mass. 208, 211. There was no error in the refusal of these requests. The evidence need not be recited. To some extent, at least, it was contradictory. But, whether contradictory or not, its credibility and weight and the permissible inferences to be drawn therefrom were questions of fact for the trial judge. There was no evidence binding upon the defendant that required a finding for the plaintiff. And the plaintiff was not aggrieved by the granting of her other thirteen requests. *Baker* v. *Davis*, 299 Mass. 345, 348. No other question of law is reported.

The plaintiff, however, contends that the trial judge did not deal properly with the case because he made no special findings and did not indicate by his rulings the ground upon which the case was decided. There is no merit in this contention. It is the duty of a trial judge sitting without a

jury in an action at law to make rulings of law in response to proper requests therefor, that the right of review of questions of law may be preserved, and to decide the case by making an ultimate finding of fact. *Wrobel* v. *General Accident Fire & Life Assurance Corp. Ltd.* 288 .Mass. 206, 209. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. But a trial judge is not required to make special findings of fact even though requested to do so. *Castano* v. *Leone*, 278 Mass. 429, 431. *Gosselin* v. *Silver*, 301 Mass. 481, 482. Nor is a trial judge required to make rulings of law not called for by proper requests. Though it often may be desirable for the trial judge voluntarily to make special findings of fact or rulings of law for the information of the parties and the presentation of the real question of law for review (see *Castano* v. *Leone*, 278 Mass. 429, 431), failure to do so is not error.

The specification of the grounds upon which the requested ruling numbered 2 was based did not call for a separate ruling of law upon each of the specified grounds. This requested ruling upon all the evidence was a single ruling with the reasons therefor specified, and the trial judge did all that was required of him when he dealt with it as a unit. As already stated, he dealt with it correctly by refusing it. Furthermore, even if each of the grounds specified were to be considered as calling for a separate ruling of law, the evidence did not require a finding for the plaintiff upon any specified ground decisive of the case. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223.

The trial judge, moreover, was not required to make special findings of fact with respect to the grounds specified in request numbered 2. There is nothing in the case to take it out of the ordinary rule that a trial judge is not required, even upon request, to make special findings of fact. The last paragraph of Rule 27 of the District Courts (1940), providing that "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the

court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed," is inapplicable to the refusal of request numbered 2 and equally inapplicable to the refusal of request numbered 1, since in neither instance was the refusal based on any of the grounds referred to in this part of the rule. The only question presented by either of these requests for rulings was whether the evidence required a finding for the plaintiff as matter of law. Since the evidence did not require such a finding, the refusal of the requested rulings was right on that ground, and no special findings were needed to show that these requested rulings were inapplicable or immaterial in order to justify the refusal thereof. In this respect the present case differs from *Bresnick* v. *Heath,* 292 Mass. 293, 298–299, *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 604–607, and *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651, 653–654, cases relied on by the plaintiff. See also *Strong* v. *Haverhill Electric Co.* 299 Mass. 455; *Marquis* v. *Messier,* 303 Mass. 553, 555–556; *Ajax Shoe & Leather Co.* v. *Selig,* 305 Mass. 389, 391–392; *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 447–448.

The plaintiff makes the further contention that the refusal of request numbered 1, for a ruling that "On all the law the court should make a finding for the plaintiff," is inconsistent with the granting of certain requests for rulings, particularly those numbered respectively 6, 7, 8 and 11. Request numbered 1, which was refused, was in substance a request for a ruling that on all the evidence a finding for the plaintiff was required as matter of law. Compare *Mantalbano* v. *Goldman,* 250 Mass. 268; *Rizkalla* v. *Abusamra,* 284 Mass. 303, 306. The request was not based upon special findings. At the time it was made there were no special findings. And, irrespective of special findings, there was no error in refusing this request. *Burns* v. *Winchell,* 305 Mass. 276, 282. *Federal National Bank of Boston* v. *O'Connell,* 305 Mass. 559, 565. However, requested rulings numbered 6 and 7, which were granted, apparently were statements of general principles applicable

to the particular case and as such were not inconsistent with the refusal of request numbered 1. But even if these rulings import special findings of fact — contrary to the statement in the report that the "court made no finding or memoranda of facts found" — as we think they do not, the question whether there was any incompatibility between such special findings and the general finding for the defendant is not presented by the report. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 401. *DiLorenzo* v. *Atlantic National Bank of Boston,* 278 Mass. 321, 323–324. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, 154. See also *Burns* v. *Winchell,* 305 Mass. 276, 282. Requested rulings numbered 8 and 11, which were given, were merely rulings that certain findings were *warranted* by the evidence, and such rulings clearly were not inconsistent with the refusal of a ruling that a finding for the plaintiff was *required.* *First National Bank of Boston* v. *Sheridan,* 285 Mass. 338, 339.

*Order dismissing report affirmed.*