ELIZABETH VAN VALKENBURG *vs.* FRANK A. SLOWICK. September 29, 1943. Exceptions overruled. This is an action of tort brought in the Superior Court to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of a negligent examination of the plaintiff by the defendant, a physician. The case was heard by a judge sitting without a jury. He found for the defendant. The plaintiff made numerous requests, some of which were given. The judge denied requests numbered 1 (a), 1 (b) and 1 (c) without comment. He denied requests numbered 4, 5, 6 and 11, stating with respect to each of these requests that he did "not find as set out" therein. The judge found "that there was no negligence on the part of the defendant in making the examination." The plaintiff excepted to the denial of these requests. In accordance with established principles there was no error in denying these requests. Request numbered 1 was for a finding or ruling that upon "all the law and evidence, judgment must be for the plaintiff because" — setting forth seven reasons, including "(a) The examination of the plaintiff by the defendant was done in a negligent manner, which negligence was the cause of plaintiff's injuries complained of." The judge was not required to make findings of fact even upon request therefor. And if request numbered 1 (a) is regarded as a separate request for a ruling of law, it could not rightly have been given. Whether or not the evidence *warranted* a finding for the plaintiff on the ground that the defendant was negligent — as we do not decide — the evidence clearly did not *require* such a finding, so that it could not have been ruled as matter of law that "judgment must be for the plaintiff." The judge was not required to accept as true the testimony of the witnesses, except as he was bound to believe the defendant's testimony unfavorable to himself so far as there was no other evidence more favorable to him. The defendant's testimony, however, did not *require* a finding that he was negligent. This request is not within the principle of *Bresnick* v. *Heath*, 292 Mass. 293, 298–299, where the denial of a request involved a ruling upon the sufficiency of the evidence to *warrant* a finding for the plaintiff — a very different matter from a ruling that a finding

for the plaintiff was *required* as matter of law, such as the present request called for. No special finding of fact was needed to justify the denial of this request. The denial was not error even apart from the special finding made by the judge. For like reasons there was no error in denying requests numbered 1 (b) and 1 (c). Each of these requests called for special findings of fact that the judge was not required to make, as well as for a finding or ruling that such facts constituted negligence on the part of the defendant. *Memishian* v. *Phipps*, 311 Mass. 521, 522–524. *Perry* v. *Hanover, ante,* 167, 169–173. These were not "requests for rulings of law that the defendant was negligent if the specific facts recited in the requests were found." *Perry* v. *Hanover, ante,* 167, 169. Requests numbered 4, 5, 6 and 11, however, were requests for rulings of law of this nature. But since the judge stated expressly that he did "not find as set out" therein and since he was not required as matter of law so to find, there was no error in denying these requests. Apparently, indeed, the plaintiff does not even contend that the denial of these requests was error. The judge found for the defendant as matter of fact, and the bill of exceptions does not show that such finding was vitiated by any error of law.

*P. Stoelzel,* for the plaintiff.

*W. J. Donovan,* for the defendant.