Rowe, J.
This is an action of contract in which the plaintiff seeks to recover the value of merchandise sold by the plaintiff to the defendants. The trial judge found for the plaintiff. The defendants claim to be aggrieved by the granting of the plaintiff’s requests for rulings of law and by the denial of some of their own requests.
In view of. the conclusion to which we have come the .following are now the requests which need be considered as decisive:
Plaintiff’s request No. 2: “The evidence requires a finding for the plaintiff. ’ ’ (Request granted by the trial judge.) Defendants’ request No. 5: “Upon all the evidence judg *122 ment should be entered for the defendant.” (Bequest denied by the trial judge.) Defendants’ request No. 6: “Upon all the law judgment should be entered for the defendants.” (Denied by the trial judge.)
There was error in the granting of the plaintiff’s second request to the effect that the evidence required a plaintiff finding. This request asks that the plaintiff, on the evidence, is entitled to recover as matter of law. Memishian v. Phipps, 311 Mass. 521, 522.
The trial judge evidently so understood it as he also granted the plaintiff’s first request that “the evidence does not justify a finding for the defendants. ’ ’
The plaintiff in the instant case of course had the burden of proof. It introduced substantial and vital oral evidence, some of which the defendants denied. “Although under some circumstances the evidence may be such as to require a ruling of law that the burden of proof resting on a party has been sustained, where the evidence consists of conflicting oral testimony or where on all the facts, more than one inference rationally may be drawn, it is a question of fact and cannot be ruled as matter of law.” Mercier v. Union St. Ry., 230 Mass. 397, 404.
Further, such portion of the plaintiff’s oral evidence as was uncontradicted was subject to disbelief. Lindenbaum v. N. Y. N. H. R. R., 197 Mass. 314, 323.
There was no error in denial of the defendants ’ fifth and sixth requests asking for a directed finding because these requests did not contain specifications as provided by Buie 27 of the Buies of the District Court.
There being prejudicial error in the granting of the plaintiff’s second request for ruling of law, the defendants are entitled to a new trial. So Ordered.