*Municipal Court of the
City of Boston*
No. 315049

# BESSIE KRASNOW

## v.

# LOUIS WOLFSON

(June 20, 1952)

RILEY, J. This action of contract seeks the recovery of a commission for the sale of real estate. The declaration is in two counts, the first being based on the alleged contract; the second upon an account annexed. The answer consists of a general denial, payment and specifically that the plaintiff was not

instrumental in the sale of any real estate, either directly or indirectly.

The trial judge found generally for the defendant. This report results from the trial judge's denial of the plaintiff's requests Nos. 2 and 3.

The evidence warranted a finding for the defendant; that no contractual relationship existed between the plaintiff and the defendant. The burden of proof rested upon the plaintiff, and whether she had established it was a pure question of fact. The trial judge may have disbelieved all the evidence having any tendency to support her contentions. The entire case involved issues of fact and of the credence to be given to evidence. That a finding could have been made the other way does not create a case for legal review. *Holton* v. *Denari,* 278 Mass. 261, *Eddy* v. *Johnson,* 250 Mass. 299. It is obvious why the trial judge denied the plaintiff's second request, "The evidence does not warrant a finding in favor of the defendant." However, as the plaintiff has neither briefed nor argued that second request, it must be treated as waived. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 519; *Carangias* v. *The Market Men's Relief Assn., Inc.* 293 Mass. 284; *City of Boston* v. *Dolan,* 298 Mass. 346, 355.

Request numbered 3 reads as follows:

3. Upon all the law and evidence in this case, the plaintiff is entitled to a finding for the following reason:
 (a) The plaintiff was the predominant efficient cause of the sale.

 (b) The plaintiff rendered services at the request of the defendant to obtain a purchaser and such services resulted in the sale of the defendant's property.

 (c) The plaintiff obtained a customer who was ready, able and willing to purchase the defendant's property and did purchase the said property on terms satisfactory to the defendant.

It was denied by the trial judge as being one request. Such action was proper. The form of the request was undoubtedly in compliance with Rule 28 of this court.

The specifications of the grounds upon which the requested ruling numbered 3 was based did not call

for a separate ruling of law upon each of the specifide grounds. The judge could not be required, by the parties, to make special findings of fact, and he did all that was required of him when he dealt with request numbered 3 as a unit. *Memishian* v. *Phipps,* 311 Mass. 521.

The last paragraph of Rule 28 of the Rules of the Municipal Court of the City of Boston (1940), providing that "Whenever any requests for rulings founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the fact recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed" is inapplicable to the refusal of request numbered 3, since the refusal or denial was not based on any of the grounds enumerated in said paragraph of said rule.

The question presented by this request was whether the evidence required a finding for the plaintiff as matter of law. "Since the evidence did not require such a finding, the refusal of the requested ruling was right on that ground, and no special findings were needed to show that this requested ruling was inapplicable or immaterial in order to justify the refusal thereof." *Memishian* v. *Phipps, ubi supra.*

As a part of her grievance the plaintiff argues that the trial judge erred in making a supplemental finding of fact in explanation of his denial of the plaintiff's request numbered 3.

This contention is without merit. It is quite apparent that the trial judge made such supplemental finding through an abundance of precaution to show the parties, and particularly the plaintiff, that were was no inconsistency in his ruling "denied" as to request numbered 3. Such a request neither required nor demanded any further attention beyond a flat denial.

The trial judge has the power, at any time prior to the entry of final judgment, to correct his findings

or rulings in order that justice may be done, *Wolfe v. Laundre,* 1951 A. S. 231 at 235.

*Report dismissed.*

Jacob J. Tutun for plaintiff.
Viola and Singer for defendant.