*Municipal Court of the City of Boston*

No. 392650

## ANNA V. DOOLEY

### v.

## METROPOLITAN TRANSIT AUTHORITY

(December 1, 1955)

*Lewiton, J.* In this action of tort the plaintiff sought to recover for injuries sustained by her while she was riding as a passenger for hire in a bus owned and operated by the defendant. The only evidence of negligence in the operation of the bus consisted of the testimony of the plaintiff and another witness that while she was standing at the rear of the bus with a firm hold on an upright post, the operator brought the bus to a stop, allowed it to roll back a short distance, and then started it off with a lurch

which tore the plaintiff's hand loose from the upright post, causing the plaintiff to fall on the floor. The operator of the bus testified, and denied that he started the bus with a lurch or that there was any rolling back or violent jerk or lurching of the bus. There was testimony that other passengers were standing at the same time, and that none of these fell when the plaintiff did. The case [tried before *Adlow, C. J.*] is here on report of the court's action on the following requests for rulings submitted by the plaintiff:

1. Upon the law and the evidence the plaintiff is entitled to a finding in her favor. *Denied.*

2. A common carrier of passengers owes to such passengers a duty of exercising reasonable care for their safety, which is the highest degree of care consistent with practical performance of its duties in accordance with the demands of the public for rapid and safe transportation. *Granted.*

3. A carrier stopping at a stopping place and inviting passengers to alight must not subject them to danger likely to ensue from a sudden jerk or lurch. *Granted.*

4. Defendant's bus operator was negligent, having brought the bus to a stop in allowing it to roll slowly backwards and then bringing it suddenly forward. *I do not find these facts.*

5. The evidence of physical facts warrants a finding that the car was stopped and started in an unusual and negligent manner. *Granted.*

6. A public transportation bus may be stopped or started so suddenly as to furnish evidence of negligence. *Granted.*

7. Stopping or starting a public transportation bus in such manner as to break the plaintiff's hold on a fixed support and throw her several feet is evidence of negligence. *Yes, if the evidence is believed. I do not find plaintiff's fall was caused by a sudden jerk.*

8. If a public bus is stopped or started with a jerk or jolt which is greater than is incidental to its ordinary operation and outside that of common experience, negligent operation can be inferred. *Granted.*

9. Evidence that the plaintiff had a firm hold on some support or strap while the bus was standing still, but was thrown a considerable distance on her head by reason of the fact that the bus rolled slowly back and lurched suddenly forward is sufficient to establish negligence on the part of the operator. *Yes, if the evidence is believed. I do not find that plaintiff's fall was caused by a sudden jerk.*

In acting on several of these requests, the trial judge stated specifically that he did not find that the bus was permitted to roll slowly backwards and was then brought suddenly forward, or that the plaintiff's fall was caused by a sudden jerk.

There was no error in the denial of the requested ruling [No. 1] that the plaintiff was entitled to a finding in her favor as matter of law. She bore the burden of proving by preponderance of the evidence that her injury was caused by the negligent operation of the bus. Since there was contradictory evidence on this issue, the court was free to believe or disbelieve the evidence offered by either party, and was not required to rule as matter of law that she had sustained the burden of proof. *Salvato v. Di Silva Transp. Co., Inc.,* 329 Mass. 305, 311; *Hoffman v. City of Chelsea,* 315 Mass. 54, 56; *Perry v. Hanover,* 314 Mass. 167, 170-171; *Memishian v. Phipps,* 311 Mass. 521, 522; *Winchester v. Missin,* 278 Mass. 427, 428.

In requests numbered 4, 7 and 9, the plaintiff sought rulings based upon the factual assumption that the bus was permitted to roll slowly backwards, and was then started forward with a sudden jerk or lurch. Since the trial judge stated expressly that he did not find the facts upon which these requests were based, there was no error in his denial of them.

De Cristafaro v. Boston El. Ry., 304 Mass. 680; White v. Beacon Trust Co., 277 Mass. 75, 81; Hetherington & Sons v. William Firth Co., 210 Mass. 8, 18; Weiner v. Egleston Amusement Co., 293 Mass. 83.

Finally, the plaintiff claims to be aggrieved by the fact that the trial judge made a general finding for the defendant after having allowed her request [No. 5] for a ruling that the evidence "warrants a finding that the car was stopped and started in an unusual and negligent manner". This contention by the plaintiff ignores the difference between a ruling that the evidence *warrants* a particular finding and a ruling that the evidence *requires* such a finding. *Memishian v. Phipps,* 311 Mass. 521, 525. In the instant case, it is apparent that while the testimony of the plaintiff and her witness may have warranted the court in finding that the bus had been operated in a negligent manner, the court was not required to believe that testimony, and was, therefore, free to find for the defendant. Consequently, there was no inconsistency in the granting of the requested ruling and the finding for the defendant. *Mastercraft Wayside Furniture Co. v. Sightmaster Corp.,* 1955 Mass. A. S. 271, 275. *Hoffman v. Chelsea,* 315 Mass. 54, 56. *Memishian v. Phipps,* 311 Mass. 521, 525.

*Report dismissed.*

John C. Carr, Jr. and John H. Fletcher Calver, for the plaintiff.

Philip A. Brine, Jr., for the defendant.