*Northern District*

No. 5200

**MELVIN L. FRAIMAN**

v.

**ALVAH ROBBINS et tr.**

(June 27, 1958)

*Present*: Gadsby, P. J., Eno and Northrup, JJ.

Case tried to CONNOLLY, J., in the Third District Court of Eastern Middlesex. No. 686 of 1952.

*Gadsby, P. J.* This is an action of contract based upon the contention of the plaintiff that he was entitled to a certain commission upon the sale of property made by the defendant which sale the plaintiff contends he was instrumental in bringing about. The plaintiff's declaration and the proof showed a variance, but that issue is not

before us since it was not raised in the pleadings, and furthermore, was waived at the hearing before the Appellate Division by counsel for the defendant. At any rate, the question of variance could not be raised for the first time at the argument before this Court. *Gifford v. Eastman,* 251 Mass. 520 at 524.

The issue in this case narrows down to the question as to whether the plaintiff was entitled to a commission from a sale executed by the defendant after he left the employment of the defendant. The plaintiff testified that at the time he was employed by the defendant to sell real estate, that the defendant said that if the plaintiff would come to work for the defendant, the defendant would pay the plaintiff one-half of any commission received by the defendant as a result of a sale of any real estate upon which the plaintiff worked; that when the plaintiff did leave the employment of the defendant, the defendant said to the plaintiff, that if in the future, the defendant succeeded in selling any of the property which had been shown for sale by the plaintiff, while he, the plaintiff, was in the defendant's employ, the defendant would give him one-half of the commission which the defendant received upon said sale.

After the plaintiff left the defendant's employ, the defendant succeeded in selling certain property which had been shown to the buyer by the plaintiff at the time he was working for the defendant. The defendant received a commission on the sale amounting to $500.00.

The defendant rested his case at the conclusion of the plaintiff's testimony.

At the close of the evidence and before argument the defendant filed a request for rulings among which was the following request:

"3. There is no evidence that there was any consideration given by the plaintiff to the defendant upon which the contract sought to be recovered upon could be predicated and the finding must be for the defendant upon the plaintiff's declaration."

The court denied this request and found for the plaintiff in the sum of $250.00.

The substance of the defendant's argument was that there was no consideration given by the plaintiff to the defendant on the contract upon which recovery is sought. The plaintiff on the other hand contends that the conversation between the plaintiff and the defendant, when the plaintiff left the defendant's employment, was not a new contract but a restatement and affirmation of the terms of the original contract. The court by its finding for the plaintiff has found that the agreement was as set forth by the plaintiff.

The denial of request number 3 was not error because it was merely a request for a finding of fact upon which the decision of the judge is final. Requests for rulings of fact are not reviewable by the Appellate Division. *Castano v. Leone,* 278 Mass. 429; *Gosselin v. Silver,* 301 Mass. 481 at 482.

There being no prejudicial error, the report is ordered dismissed.

Jacob Whitkin, for the plaintiff.
A. W. Wunderly, for the defendant.