### Northern District

No. 5508 and No. 5508-A

**BENJAMIN L. HILL, ET AL d-b-a**
**and**
**INDUSTRIAL DIRECTORY PUBLISHERS**
**v.**
**LYNN—SIGN MOULDED PLASTIC CO., INC.**

**BELL DIRECTORY PUBLISHERS, INC.**
**v.**
**LYNN—SIGN MOULDED PLASTIC CO., INC.**

(July 26, 1961)

*Present:* Brooks, P. J., Northrup & Sgarzi, JJ.

Case tried to *Parker, J.,* in the Third District Court of Eastern Middlesex. No. 3095 of 1959 and No. 3114 of 1959.

*Brooks, P. J.* These are two suits in contract for advertising services rendered to defendant. They were tied together and for purposes of simplification, will be hereinafter referred to except in certain instances, as one case. May 16, 1960, the court found for plaintiff in No. 5508 for $288.60, and in No. 5508-A, for $273, including interest from date of writ.

May 20, defendant filed a request for a report. May 27, plaintiff filed a motion to dismiss defendant's request for a report on the ground that it failed to comply with Rule 27 of the Rules of the District Court. June 7, the court granted plaintiff's motion to dismiss defendant's request for a report, — this court action being filed with the Clerk of the Court on June 10. Defendant, on June 14, filed request for a report on the ruling of the court granting plaintiff's motion to dismiss defendant's request for a report.

Meanwhile, among other pleadings filed by defendant, was a motion for a new trial which

was denied by the court and is not now an issue. Another motion filed by defendant on May 26, was for "Findings of Fact." At the same time, defendant filed a motion to extend the time for filing a draft report. Both motions were denied June 10.

June 21, defendant filed a draft report on the denial of the motions to extend time and for Findings of Fact. June 27, plaintiff filed a motion to dismiss defendant's draft report, "for failure to comply with Rule 27 of the Rules of the District Court." This motion was denied August 15, and on this denial, plaintiff duly filed a draft report.

The issues before us are: (1) The validity of the denial of defendant's motions for Findings of Fact and Extension of Time; (2) The consequences of sustaining the court's denial.

■ The court made written findings and rulings on its original decision in favor of plaintiffs. Ordinarily, the judge is not required to make written findings of fact. *Memishian v. Phipps,* 311 Mass. 521, 523; *Perry v. Hanover,* 314 Mass. 167, 169.

■ In the absence of what the Findings consisted of or that they were inadequate, or of what the Requests for Rulings were, defendant's claim is without merit. *Conley v. Morash,* 307 Mass. 430, 432; *Gibbs v. Swimin,* 310 Mass. 830; *Memishian v. Phipps,* supra, *Perry v. Hanover,* supra.

■ In the matter of the denial of defendant's motion for extension of time for filing draft report, there was no error. This

is entirely discretionary with the trial Judge. *Ahern v. Towle,* 310 Mass. 695, 699.

Furthermore, defendant has no standing in the above matters inasmuch as no request for report was filed within five days of notice of the court's denial of the motions. This omission was not corrected by filing a draft report approximately ten days after notice of the court's action. See Rule 27 of the District Court Rules; also *Conley v. Murphy,* 287 Mass. 536. Accordingly, the report on defendant's appeal is to be dismissed.

The trial Judge having already found for plaintiff and the defendant's request for a report on that action having been dismissed, judgment is to be entered in both cases for plaintiffs in the amount of the original findings.

Wasserman & Salter of Boston, for the Plaintiffs.
Esther Stevens of Chelsea, for the Defendant.