**Ralph G. DUXBURY**
vs.
**Jack E. ROBERTS, J. Merritt BROWN,
Richard J. CAMMARATA
Individually and as trustees of
B.C.R. REALTY TRUST**

**No. 8702**

District Court Department
Appellate Division, Northern Division
Trial Court of the
Commonwealth of Massachusetts

**March 3, 1982**

**Matthew H. Feinberg,** counsel for plaintiff.

**Alan Altman,** counsel for defendant.

**Jodrey, J.** This is an action on a promissory note made by the defendants individually and as trustees of B.C.R. Realty Trust, payable to Keith J.C. Baines, trustee of the 22 Phillips Street Realty Trust, or order, which the plaintiff herein claims was assigned to him.

The complaint seeks recovery of $29,800, being the principal amount of the note together with interest and reasonable attorney fees in the amount of $5,960.

In their answer, the defendants admit executing the promissory note and state they have no knowledge, information or belief regarding the allegations concerning the assignment of the note and call upon the plaintiff to prove the same. The defendants further deny that they owe the plaintiff the amount of the note, interest or attorney's fees as stated in the complaint. By way of affirmative defenses, the defendants further claim that if they executed the note, it was obtained and procured by the fraud of the plaintiff; that there was a failure of consideration in exchange for the defendants' executing the note; and that there was a lack of consideration for the defendants' executing the note. The defendants also counterclaimed alleging that the plaintiff's assignor wrongfully misrepresented to the defendants the status of the premises known as 22 Phillips Street, Boston which the plaintiff's assignor conveyed to these defendants for the consideration stated in the note and for which a mortgage was executed as security therefor. The defendants claim by way of counterclaim that the misrepresentation of the plaintiff's assignor caused them damages in the amount of $43,000 and claimed said amount together with interest thereon from the date of purchase of said premises.

The trial court found for the plaintiff on his claim, and for the plaintiff on defendants' counterclaim and entered judgment in the amount of $42,793. The amount of damages awarded was later revised as will appear hereafter.

At the trial there was evidence tending to show:

1.) On September 25, 1972, Keith J.C. Baines as trustee of the 22 Phillips Street Realty Trust under a declaration of trust dated October 7, 1971, recorded with Suffolk Registry of Deeds, Book 8481, Page 405, conveyed a parcel of real estate on Phillips Street, in said Boston, to the defendants Jack E. Roberts, J. Merritt Brown, and Richard J. Cammarata, as trustees of B.C.R. Realty Trust, under a declaration of trust dated June 30, 1972, duly recorded, by deed recorded with said registry, Book 8569, Page 218. This conveyance was by its terms subject to a prior mortgage to the Volunteer Cooperative Bank.

2.) As part of the transactions on September 25, 1972, the said defendants, individually and as trustees aforesaid executed a promissory note payable to Keith J.C. Baines, trustee of The 22 Phillips Street Realty Trust, for $29,800, payable in five years, with interest thereon payable monthly at the rate of 12% per annum. The defendants, makers of the note, jointly and severally, waived demand, notice, protest, presentment and dishonor, and agreed to pay all charges of the holder thereof in connection with the enforcement and collection

of the same including reasonable attorneys' fees, provided the holder should give the obligors 5 days written notice of default; in the event of 15 days default the entire obligation would become due and payable at the option of the holder, notwithstanding the waiver of any prior breach.

This note was secured by a second mortgage of the real estate, aforesaid, dated September 25, 1972, and recorded with said registry, Book 8569, Page 220. 3.) In the summer of 1975, Keith J.C. Baines asked the plaintiff, Ralph G. Duxbury for his help in locating a business investment opportunity in Florida. Duxbury found such an opportunity in a water bottling company called Crystal Rock Water, Inc., a Florida corporation, and assisted Baines in the purchase of its assets. Crystal Rock originally had refused to sell its business to Baines, primarily because he was a stranger to the seller and was not a native of Florida and had had business dealings with and was a personal friend of the president of Crystal Rock. As a result of effecting this purchase Baines became, according to their agreement, liable to pay Duxbury a "finder's fee" amounting to $25,000. In partial payment of that obligation Baines executed and delivered to Duxbury the following instrument:

PARTIAL ASSIGNMENT OF
NOTE AND MORTGAGE
KNOW ALL MEN BY THESE PRESENTS:

That I, Keith Baines, party of the first part, in consideration of the sum of $10 (TEN DOLLARS) and other valuable considerations, received from or on behalf of RALPH G. DUXBURY, 320 North Dixie Highway, Lake Worth, Florida, party of the second part, at or before ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, assign, transfer and set over unto the said party of the second part all of my right, title and interest in and to a ½ (one-half) undivided interest in that certain mortgage made by BCR Realty Trust and executed by Merritt Brown, Richard Cammarata and Jack Roberts in favor of 22 Phillips Street Realty Trust, Keith Baines, Trustee, payable to Keith Baines and Mac Grant, as more particularly set forth and recorded in Registry of Deeds Book 8569, page 220, public records of Suffolk County, Massachusetts. Together with the note or obligation described in said mortgage, and the moneys due and to become due thereon with interest.

TO HAVE AND TO HOLD the same unto the said party of the second part, heirs, legal representative, successors and assigns forever.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 31st day of March, A.D., 1976.

Signed, sealed and delivered in presence of:

/S/Lucy Fay Couch /S/Keith Baines (Seal)

Notary Public, State
of Florida at Large

The above instrument was prepared, executed, delivered and acknowledged in Florida.

4.) Although the note provided for monthly payments of interest, defendants made but two payments thereon in 1976: $2,000 in February or March and $2,422.46 in August. The August payment cured an intervening default and brought the obligation up to date, with the next payment due on September 24, 1976. The September payment was not made, nor any payments thereafter.

5.) Baines testified that he owned, as Trustee of The 22 Phillips Street Trust and apartment building in 1971 and as part of the rehabilitation, he had converted the building from a five-unit into an eight-unit apartment building. According to Baines' testimony, he had obtained several building permits from the City of Boston which authorized him to perform this

rehabilitative work.

6.) Baines testified further that he did not make any representations to the defendant that the building was being occupied under an impermissible use; that the defendant, Roberts, never asked him whether he had obtained all the necessary documents to allow an eight-unit apartment building. Baines also testified that his only conversation with any of the defendants prior to the closing on the sale of 22 Phillips Street, was a conversation with Mr. Jack Roberts and one of the brokers employed by Little & Company, the firm which managed the 22 Phillips Street property for Baines and negotiated its sale to the defendants. The only discussion about the 22 Phillips Street property during this conversation concerned the purchase price and financing arrangements for the defendants' purchase of the building.

7.) An examination of the title to the property known as 22 Phillips Street, Boston was done by Attorney Robert B. Rowley, an acknowledged expert title examiner. Attorney Rowley commenced his title abstract from the deed into Keith J.C. Baines as trustee of the 22 Phillips Street Realty Trust and completed his examination through Document recorded on June 26, 1980, at 11:18 A.M., being the day before his testimony at trial. After the deed into Keith J.C. Baines, trustee, the title examination indicated the mortgage to Volunteer Co-operative Bank, the deed from Keith J.C. Baines, trustee, to Roberts and others, trustees of the B.C.R. Realty Trust, the mortgage from Jack E. Roberts, and others, trustees, to Keith J.C. Baines, trustee of the 22 Phillips Street Realty Trust; a taking by the City of Boston of 22 Phillips Street, Boston and a "purported assignment" of the mortgage recorded in Book 8859, Page 598, Attorney Rowley indicated that he described the document as a "purported assignment" because the mortgage ran to Keith Baines, as trustee of the 22 Phillips Street Realty Trust and the said document of assignment indicated that it was given by an individual, Keith Baines.

Upon questioning, it was Attorney Rowley's opinion that the "purported assignment" did not transfer any interest in the real estate. It was his further opinion that the "Partial Assignment of Note and Mortgage" did not indicate that the granting party was dealing as a trustee but indicated, rather, that he was dealing as an individual. Attorney Rowley testified he had no opinion of the validity of the assignment of the promissory note.

At the close of the trial and before final arguments, the defendants filed 27 requests for rulings. These requests and the court's action thereon were as follows:

1. A finding for the defendants is warranted.
   ALLOWED

2. A finding for the defendants is required.
   DENIED

3. Keith J.C. Baines intentionally misrepresented to the defendants, Roberts and/or Brown, that the premises known as 22 Phillips Street, Boston was legal for 8 apartment units and knew or in the exercise of due care should have known that it was legal for only 5 apartment units.
   DENIED

4. The misrepresentations of Keith J.C. Baines induced the defendants to purchase the property known as 22 Phillips Street, Boston and execute a note in the amount of $29,800.00 secured by a mortgage.
   DENIED

5. The misrepresentations of Keith J.C. Baines inducing the defendants to execute a promissory note in the amount of $29,800.00 resulted in a failure of consideration between the parties.
   DENIED

6. (ALLOWED – see note 1 above)

7. The owner or holder of the certain promissory note dated September 25, 1972 in the amount of $29,800.00 is Keith J.C. Baines, trustee of 22 Phillip Street Realty Trust.
   DENIED

8. The 22 Phillips Street Realty Trust is an existing valid Trust whose trustee

of record is Keith J.C. Baines.
ALLOWED AS OF ALL TIMES MATERIAL HERETO.

9. The mortgage of Keith J.C. Baines, trustee of the 22 Phillips Street Realty Trust to Volunteer Co-operative Bank in the amount of $70,000.00 is a valid first mortgage of record concerning 22 Phillips Street property.
ALLOWED AS OF ALL TIMES MATERIAL HERETO.

10. The mortgage of Jack Roberts, J. Merritt Brown and Richard Cammarata, trustees of B.C.R. Realty Trust to Keith J.C. Baines, trustee of the 22 Phillips Street Realty Trust, in the amount of $29,800.00 is a valid second mortgage of record concerning 22 Phillips Street property.
ALLOWED

11. The note dated September 25, 1972 signed by the defendants was not in default at the time of the commencement of the instant action.
DENIED

12. The document dated March 31, 1976 and recorded on April 2, 1976 at the Suffolk Registry of Deeds, Book 8859, Page 589 entitled "Partial Assignment of Note and Mortgage" transferred no interest in the mortgage of real estate known as 22 Phillips Street, Boston or the note referred to therein to Ralph G. Duxbury.
DENIED

13. On March 31, 1976, Keith J.C. Baines, trustee of the 22 Phillips Street Realty Trust was the second mortgage of the property known as 22 Phillips Street, Boston.
ALLOWED

14. The intent of Keith J.C. Baines, individually, as evidenced by the document known as "Partial Assignment of the Note and Mortgage", was to transfer a one-half interest in a mortgage recorded in Suffolk Registry of Deeds, Book 8569, Page 220.
ALLOWED

15. The intent of Keith J.C. Baines, individually, as evidenced by the document known as "Partial Assignment of Note and Mortgage", was to transfer a one-half interest in a note described in a mortgage in Suffolk Registry of Deeds, Book 8569, Page 220.
DENIED

16. Ralph G. Duxbury never received an assignment of the note of mortgage executed by the defendants and on which he claims in the instant case.
DENIED

17. The promissory note executed by the defendants is "commercial paper" as defined in the Uniform Commercial Code. General Laws Chapter 106, section 3-101.
ALLOWED

18. Commercial paper is subject to the provisions of Article 9 Secured Transactions. General Laws Chapter 106, section 3-103.
ALLOWED

19. The note never having been endorsed by the payee, Keith J.C. Baines, trustee of "The 22 Phillips Street Realty Trust" or assigned by a statutory form of assignment was not negotiated to a transferee who became a holder.
General Laws Chapter 106, section 3-202, section 3-202 (2)
DENIED

20. An endorsement on the promissory note by the payee is effective for negotiation only when it conveys the entire instrument or any unpaid residue, otherwise it operates as a partial assignment.
General Laws Chapter 106, section 202 (3)
ALLOWED

21. Ralph G. Duxbury is not holder in due course of the note executed by the defendants.
General Laws Chapter 106, section 3-302
DENIED

22. Ralph G. Duxbury had notice that the note executed by the defendants was overdue or had been dishonored or was subject to a defense against it.
DENIED

23. Ralph G. Duxbury had notice of a claim against the note executed by the defendants when he had knowledge that Keith J.C. Baines as trustee negotiated the instrument in payment of his own personal debt or for his own benefit.

General Laws Chapter 106, section 3-304 (2)

DENIED

24. Ralph G. Duxbury had notice of a claim against the note executed by the defendants when he had reason to know that acceleration of the instrument had been made.

General Laws Chapter 106, section 3-304 (3) (6)

DENIED

25. Ralph G. Duxbury, not being a holder in due course, if at all, takes the paper executed by the defendants subject to all defects.

General Laws Chapter 106, section 3-306

DENIED

26. The plaintiff has the burden of establishing that he is a holder in due course.

General Laws Chapter 106, section 3-307 (3); **Lewiston Trust & Safe Deposit Co. v. Shockford**, 213 Mass. 433; N.E. 828.

ALLOWED

27. Want or failure of consideration is a defense against any person not having rights of a holder in due course.

General Laws Chapter 106, section 3-408.

ALLOWED

The court found the following facts:

I find that the plaintiff is a "holder in due course" of a negotiable promissory note in the amount of $29,800 executed by the defendants, individually and as trustees of BCR Realty Trust, payable to "Keith J.C. Baines, trustee of 22 Phillips Street Realty Trust or his order...".

The plaintiff acquired his interest and his status as a "holder in due course" by reason of a Partial Assignment of Note and Mortgage on March 31, 1976 executed in favor of the plaintiff by the payee, "Keith Baines" without reference to his fiduciary capacity as a trustee. The plaintiff took the Note and Partial Assignment for value (the discharge of an obligation under a contract calling for the payment of a finder's fee in the amount of $25,000 by the payee to the plaintiff) in good faith, and without notice that it was overdue, had been dishonored, or of notice of any defense or claim against the note. On the contrary, I find that the note was not in default until September 25, 1976, that there were no misrepresentations, fraud in the inducement, failure of consideration in the making of the note, or any other defense to the note or claims against it.

I find for the plaintiff in the amount of $29,800, plus interest from the date of commencement of this action.

I find no "five (5) day written notice of default" as required by the note as a prerequisite to plaintiff's recovery of attorney's fees.

On the defendants' counterclaim, I find for the plaintiff, Ralph Duxbury.

After the initial finding and judgment entered, the defendants moved to amend the finding and judgment as follows:

1. That the finding be amended to indicate that the plaintiff is the holder of a one-half interest in the note and mortgage referred to in the complaint.

2. That the defendants be credited with payments made of $2,000.00 on February 1976, and $2,422.46 on August 1976, to the plaintiff.

3. That the finding be amended to $10,477.44, being $14,900.00, one half the amount of the note, less payments of $4,422.46, being the sum of $10,477.44.

4. That the interest be recomputed based on the amended finding.

The court denied items 1, 2, and 3, of the motion and allowed item 4.

Originally the court found for the plaintiff in the amount of $29,800.00, plus interest from the date of commencement of the action. Subsequently the court amended its finding to allow interest from September 25, 1976, amounting in all to $39,336.00.

The defendants are before this Division claiming to be aggrieved by the denial of their requested rulings numbered 2, 3, 4, 5, 6, 7, 11, 12, 15, 16, 19, 21, 22, 23, 24, and 25, and denial of their motion, parts 1, 2, and 3.

Requests #3, 4, 5, 6, 7, 11, 15, 16, and 22 are plainly requests for findings of fact, and a judge, sitting in the District Courts, is not required to act upon such requests. Dist./Mun. Cts. R. Civ. P. 52 (a). **Memishian v. Phipps,** 311 Mass. 521, 523 (1942). **Fraiman v. Robbins,** 15 Mass. App. Dec. 204 (1958).

Request #2 is a general request made without reference to any specific evidence, or lack thereof, which would require a finding for the defendants. Dist./Mun. Cts. R. Civ. P. 64 (b). **Memishian v. Phipps, supra. Keefe v. Parking Specialists, Inc.** 1980 Mass. App. Dec. 140. Requests of this nature should specify the **reasons** why such a finding is required. Failure to so specify has an obfuscating effect. The judge was not required to rule upon this request. His denial thereof was proper.

The instrument entitled "Partial Assignment of Note and Mortgage", **infra,** executed by Baines, purports to transfer a one-half undivided interest in the mortgage referred to therein. Whether such transfer was effective need not concern us for the present action is upon the note. It is clear the language in the assignment, "Together with the note or obligation described in said mortgage, and the moneys due and to become due thereon with interest" constituted a valid assignment of the note to Duxbury. Transfer of an instrument vests in the transferee such rights as the transferor has therein, Uniform Commercial Code § 3-201, including the right to maintain an action thereon in the event of a default. Request #12 was properly denied.

Request #19 is somewhat ambiguous. If it stands for the proposition that Baines had to make reference to his fiduciary capacity following his signature, that would be an incorrect statement of the law. Uniform Commercial Code, § 3-117. **Ward v. Venner,** 173 Mass. 210 (1899).

So far as request #19, 21, and 25 challenge Duxbury's standing as a "holder" or "holder in due course" they correctly state the law and should have been allowed. Uniform Commercial Code, § 1-201 (20) and § 3-302.

As an assignee of the note, Duxbury acquired the right to have the unqualified endorsement of Baines thereon, Uniform Commercial Code § 3-201 (3), but such indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof. Absent such indorsement no negotiation takes place and the transferee does not become a holder or holder in due course. Uniform Commercial Code § 3-202. The reported evidence is insufficient to permit a finding of negotiation in this case.

While the trial judge was in error when he found Duxbury to be a holder in due course, that error as well as any error in his refusal to grant requests #19, 21, and 25 is rendered harmless by his general finding for the plaintiff, which finding was correct on the merits. **Freeman v. Robinson** 238 Mass. 449 (1921). **Kimball v. Hildreth,** 8 Allen 167 (1964).

The improper denial of proper requests for rulings becomes immaterial when the facts found by the trial judge manifest that the correct general finding was made. **Quinlan Publishing Co., Inc. v. Kiley,** 57 Mass. App. Dec. 84 (1975).

Requests #23 and 24 were properly denied. They were inconsistent with the judge's special findings.

There was no error in the judge's denial of items 1, 2, and 3 of defendants' motion to amend findings and judgment. These requests do not reflect an accurate understanding of the specific and general findings of the court, and items 2 and 3, moreover, incorrectly confuse admitted payments of interest with payments on account of principal, of which there were none. Further discussion is unnecessary.

Where there is no prejudicial error in the court's action on the defendant's requests for rulings of law, nor in its action on a pending motion, and where the

genₑral finding is supported by the evidence, the report must be dismissed.

Report dismissed.

**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**H. Lawrence Jodrey, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
**Clerk, Appellate Division**