Glynn, J.
The plaintiff, as agent for the First National Bank of Boston, sued the defendant Interstate Electrical Services, Inc. (hereinafter referred to as “Interstate”). The First National Bank was an assignee of Intertel Communications Corporation (hereinafter referred to as “Intertel”).
It was alleged that Intertel, a supplier of communication systems, entered into a leasing agreement with Interstate on May 15,1973 and March 12,1974. These agreements were introduced into evidence along with the assignments from Intertel to the First National Bank of Boston. The First National Bank and the plaintiff entered into an agreement wherein the plaintiff would service these accounts for collection and other related matters.
The plaintiff sued the defendant for $10,603.68, the alleged balance due on the two agreements plus interest, sales tax and attorneys’ fees as provided in the two agreements.
The defendant, among other defenses, claimed that a “rider” had been executed which modified the original agreement which gave the defendant the option to purchase the equipment if a specified amount was paid by the defendant.
The first agreement dated May 15,1973 was executed by an officer of Intertel and the salesman of Intertel. The “rider” bearing the same date was signed only by the salesman for Intertel. It was not signed by any officer or anyone authorized to sign on behalf of the defendant. There was evidence introduced of correspondence between the defendant and the assignee of the original document indicating that the defendant was waiting confirmation of the defendant’s right to purchase the equipment.
The defendant claims it had paid up to or m excess of the amount stipulated in the “rider” and was entitled to exercise its option tb purchase the equipment. The other defenses pleaded are not pertinent to this opinion.
The trial judge found for the plaintiff for the unpaid balance plus late charges, attorneys’ fees, and sales tax. The trial judge found as a fact that there was no properly executed ‘ ‘ rider”, and that the agreements of May 15,1973 and May 12, 1974 were the “final expression of the parties.” An examination of the report and attachments thereto substantiates the fact that there was evidence upon *236 which the trial judge could so find.
The defendant claimed to be aggrieved by the trial judge’s denial of its requests for findings of fact and rulings of law. The requests and the judge’s rulings and findings are as follows:
1. The plaintiff has failed to prove that defendant breached the terms and conditions of the alleged agreement. Court: denied.
2. The plaintiff has failed to prove its capacity to maintain its suit. Court: denied, see findings.
3. The defendant paid for all charges properly due and owing the plaintiff. Court: denied, see findings.
4. The alleged rental agreements, dated May 15,1973 and March 12, 1974, were subject to a rental agreement rider, dated May 15,1973, which was annexed thereto. Court: denied, see findings.
5. The alleged rental agreement provided, and the defendant understood, that it had an option to purchase the equipment in question, forthe sum of$7,470.00. Court: denied, see findings. Also court not required to rule on requests for findings of fact.
6. Prior to the execution of the agreement between the parties, the plaintiff’s agent informed the defendant that the agreement was subject to the defendant’s right to purchase the equipment. Court: denied, see findings. Also court not required to rule on requests for findings of fact.
7. The defendant exercised its option to purchase the equipment in question with Intertel Commmunications Corporation. Court: denied, see findings. Also court not required to rule on requests for findings of fact.
8. The plaintiff failed to perform upon the conditions set forth in the rider to the rental agreements. Court: denied, see findings. Also court not required to rule on requests for findings of fact.
9. The defendant was induced to sign the alleged agreement as a result of the representations of plaintiffs agent. Court: denied, see findings.
10. The defendant was not notified of any assignment of the rental agreements, in accordance with paragraph 23 thereof. Court: denied, see findings. Court not required to rule on requests for findings of fact.
11. The plaintiff has failed to prove its cause of action alleged in its complaint, or any other cause of action against the defendant. Court: denied.
Findings of Fact
The plaintiff is a corporation called “Exeter Management Corp., d/b/a First Financial, as agent for First National Bank of Boston.” Intertel is a company which leases communications systems and equipment. On May 15, 1973, it executed a lease for the rental of such equipment to the defendant, Interstate Electrical Services Corp., for the period of ninety-six months at the rate of $202.50 per month. On May 12,1974, it executed another lease for equipment for the period of ninety-six months at the rate of $30 per month. The defendant made fifty-one payments of the ninety-six payments due on the first lease, and forty-four payments of the ninety-six payments due on the second lease.
These leases were assigned to the First National Bank of Boston by Intertel. The bank made an agreement with the plaintiff, whereby the plaintiff wodld serve as agent for the bank in collecting the amounts due on those leases, *237 including the authority to institute litigation in the process of collecting the amounts due.
The rental agreements between Intertel and the defendant, Interstate Electrical Services Corp., contained the following words: “No modification of this agreement may be made except by a like signed agreement.” See Exhibits #3 and #4, paragraph 8 of each exhibit; and paragraph 15 which provides for 15 percent attorneys’ fees and a 5 percent late charge. Both exhibits also contained the statement in that same paragraph “ .. .this agreement which is the final expression of the agreement of the parties, and the complete and exclusive statement of the terms agreed upon.”
The court finds that there is no properly executed rider or modification of the leasing contracts between Intertel and the defendant, Interstate Electrical. The court further finds these agreements to be the final expression of the parties.
The court also denies the oral motion of the defendant presented at the start of the trial to dismiss the case for lack of capacity on the part of the plaintiff to sue on behalf of the First National Bank of Boston. The court finds that the bank and plaintiff agreed that plaintiff may institute litigation to be commenced against the lessees. See Exhibit 1.
The court similarly denies the defendant’s Motion to Dismiss offered at the end of the plaintiff’s presentation of its case.
The court finds that the defendant understood what he was signing when he signed Exhibit 3 and 4, and that any representations of plaintiffs agent were not in variance with those exhibits.
These requests are substantially all requests for findings of fact. The judge’s decision on requested findings of fact are not reviewable. Kaufman v. National Casualty Co., 342 Mass. 412; DeCristafaro v. Boston Elevated Railway Co., 304 Mass. 680; Mass. Rules of Civil Procedure, Rule 52(a).
The findings of fact by the trial judge were substantiated by a review of the reported evidence. This court finds no error of law.
Counsel for the defendant in his opening argument to this court waived his claim of error on the issue of the “capacity” of the plaintiff to institute this action. This was the subject matter of the defendant’s motion to dismiss. This issue is now moot.
The court finds no error and the report is dismissed.