Sherman, PJ.
This is an action in tort arising from a 1989 collision between a motor vehicle operated by the plaintiff and a bus owned and operated by defendant Massachusetts Bay Transportation Authority (“MBTA”). The plaintiff alleges that he sustained personal injuries and properly damage in consequence of the negligence of the MBTA’s bus driver, individual defendant Ann Marie Blythe.
After trial, judgment was entered for the plaintiff in the amount of $15,000.00. Defendant MBTA thereafter requested a report to this Division of the trial court’s evidentiary rulings; disposition of the defendant’s requests for rulings of law and findings of fact; denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 41(b) (2) motion for involuntary dismissal; and denial of the defendant’s motion for a new trial and for “remittitur.” It is unnecessary, however, to address each of the defendant’s allegations of error because the record discloses a fatal inconsistency in the trial court’s rulings on the defendant’s requests and ultimate finding for the plaintiff which is dispositive of this appeal.
1. The inconsistency in question resulted from the trial court’s failure to distinguish the defendant’s requests for a ruling that the evidence “required” a finding in its favor from other requests that the evidence merely “warranted” such a finding. The excessive number and redundancy of the defendant’s requests somewhat explain, but do notrender harmless, the court’s apparent misreading of the requests atissue.[2]The following are representative of the defendant’s requests and the court’s disposition thereof:
“RULINGS OF LAW”
3. The evidence in this case is insufficient, as a matter of law to support a finding that the defendant, MBTA, or its agent, servant or employee breached any duty of care to the plaintiff.
Allowed, however, I do not so find on the facts.
*65 15. As a matter of law, the evidence in this case is insufficient to support a finding that any act or omission of the defendant, MBTA, or its agents, servants or employees was the proximate cause of any injuries to the plaintiff.
Allowed as a matter of law, but I do not so find on the facts.
17. As a matter of law, the evidence in this case is sufficient to support a finding that the defendant was in the exercise of due care and was not negligent.
Allowed, however, I do not so find on the facts.
"FINDINGS OF FACT’
6. Plaintiff has offered insufficient evidence that, at the time of his alleged accident, any duty of care existed or was owed to them [sic] by the defendant.
Allowed as a request for a ruling of law testing the sufficiency of the evidence. However, I do not so find on the facts.
7. Plaintiff has offered no evidence of any causal relationship between any alleged act or omission of MBTA, its agents, servants or employees and the plaintiffs alleged injuries.
Allowed as a request for ruling testing the sufficiency of the evidence, however, I do not so find on the facts.
Despite their caption as requests for “findings of fact,” see Castano v. Leone, 278 Mass. 429, 431 (1932), defendant’s requests numbers 6 and 7 sought the same ruling of law requested in numbers 3 and 15; namely, that the plaintiff had failed to introduce sufficient evidence to satisfy essential elements of his burden of proving the defendants’ actionable negligence herein. The trial court’s allowance of defendant’s requests 3,6,7 and 15 as a matter of law thus constituted a legal ruling that the plaintiffs evidence was insufficient to permit a finding in his favor, and that a finding in the defendant’s favor was thus required. Pearson v. O’Connell, 291 Mass. 527, 529 (1935). See also, Weismann v. Snyder, 338 Mass. 502, 505 (1959). However, the court’s additional statement under each request that “I do not so find on the facts” and its ultimate finding for the plaintiff were plainly inconsistent with its legal ruling that the evidence was insufficient to permit such factual findings. No written findings of fact were made by the trial court to explain or render harmless such inconsistency. See Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 311-312 (1968); Brodeur v. Seymour, 315 Mass. 527, 530 (1944).
2. There is no merit to the plaintiffs contentions on this appeal that defendant”s requests 3,6,7 and 15 sought rulings that the evidence merely warranted rather than required a finding for the defendant.[3] Such effort to render consistent the court’s rulings and findings, and thereby avoid the necessity of a new trial in this matter, is *66 defeated by tbe unequivocal language of the defendant’s requests. A request that the evidence is insufficient as a matter of law to warrant, permit or support a finding for the plaintiff is obviously equivalent to a request for a ruling that the defendant is entitled to judgment in its favor as a matter of law. See, e.g., Anapolle v. Carver, 327 Mass. 344, 346 (1951). A request that a finding for the defendant is required or mandated by the legal insufficiency of the plaintiffs evidence is not the same as a request that a finding for the defendant is simply warranted by, or permissible on the basis of, conflicting evidence. Memishian v. Phipps, 311 Mass. 521, 522 (1942). See also, e.g., Ryerson v. Fall River Philanthropic Burial Soc., 315 Mass. 244, 254 (1943). In the instant case, the ruling expressly sought in defendant’s requests 3,6,7 and 15 (that a finding for the defendant was required because there was insufficient proof or no evidence to establish the plaintiffs claim), mustbe distinguished from defendant’s request for ruling number 17 (that a finding for the defendant was permissible or warranted because there was some evidence to support the defendant’s denial of the plaintiffs claim). Quite simply, a “required” request in the defendant’s favor is not identical to a “warrant” request in the defendant’s favor; a request that a finding for the defendant is “required” is instead equivalent to a request that finding for the plaintiff is “not warranted.”
3. If, as the court’s judgment would otherwise suggest, sufficient evidence was introduced at trial to permit a finding for the plaintiff on issues of the defendant’s negligence, causation and damages herein, defendant’s requests for rulings numbers 3,6,7 and 15 should have been denied. Bowers v. Hathaway, 337 Mass. 88, 89 (1958). The denial of these requests for a required finding for the defendant would not have been inconsistent with either the court’s allowance of defendant’s request number 17, Flavin v. Morrissey, 327 Mass. 217, 220 (1951); Daniel v. Jardin, 320 Mass. 764 (1946), or with the court’s ultimate finding for the plaintiff. Nor would the denial of such “required” requests have obligated the trial court to make written findings of fact. Memishian v. Phipps, supra at 523. Contrast, as to the necessity of findings upon the denial of a “warrant” request, Liberatore v. Framingham, 315 Mass. 538, 544 (1944); Bresnick v. Heath, 292 Mass. 293, 298-299 (1935).
In allowing the defendant’s requests, the trial court instead ruled as a matter of law that the plaintiffs evidence was insufficient to permit the very factual findings necessarily made by the court in entering judgment for the plaintiff. Such inconsistency in the trial court’s legal rulings and ultimate finding vitiated the judgment entered for the plaintiff herein. Hoffman v. Chelsea, 315 Mass. 55, 58 (1943) .A new trial must be ordered. Catalucci v. Massachusetts Bay Transp. Auth., 351 Mass. 360, 361-362 (1966); Slater v. Cosmopolitan Mut. Ins. Co., 21 Mass. App. Dec. 199, 201 (1961).
Accordingly, the trial court’s judgment for the plaintiff is vacated. This case is returned to the Malden Division for a new trial.
So ordered.

 Although faced with a simple motor vehicle tort claim devoid of novel legal issues or complex factual questions, the defendant filed not only thirty-nine (39) largely redundant requests for rulings of law, but also at least eighteen (18) additional items labeled requests for “findings of fact” which rephrased and reiterated many of the defendants requested legal rulings. See, as to appropriate treatment of excessive, repetitive requests, Stella v. Curtis, 348 Mass. 458, 460-461 (1965); Commercial Credit Corp. v. Stan Cross Buick, Inc., 343 Mass. 622, 626 (1962); Hogan v. Coleman, 326 Mass. 770, 772-773 (1951).

 The plaintiffs contention is based upon a misreading of our recent decision in Cooperstein v. Turner Bros. Construct. Inc., 1992 Mass. App. Div. (Dec. 18, 1992) which dealt exclusively with the nature and proper disposition of “warrant” requests. See Digesse v. Columbia Pontiac Co., 369 Mass. 99 (1975). The case is inapposite as we are concerned here with the defendant s requests for “required” findings in its favor.